■ In the Matter of the Claim of ZALMEN FEUERWERKER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 1977. By an initial determination, claimant was denied benefits under the Emergency Compensation Act of 1974 upon the ground that he had failed to actively engage in seeking work. Claimant sought review and was the only witness to testify at the hearing. The referee sustained the initial determination. The board affirmed, and this appeal ensued. We agree with claimant's contention that the board's determination cannot be affirmed on this record. The referee, whose findings of fact and opinion were adopted by the board, based his conclusion that claimant failed to engage in a systematic and sustained effort to obtain work during the week commencing August 1, 1977, upon a finding that "claimant does not identify any job contacts during the week in issue". At the hearing, the referee's inquiry on this issue was limited to the following questions, with claimant's answers. "Q. Where did you go that week? A. I went to Bowlmore. Q. The same place where you used to work? A. Yes, and I went down to 23rd Street. There's a bowling alley there. I went to Mid-City lanes. I've been there. They haven't got nothing there, either, I went to Times Square Lanes. Q. When did you go there? A. It's a bowling alley. Usually, bowling alley is my type of job. Q. When did you go, though? A. I went, I went Monday there, Tuesday. I went a lot of times there." Apparently recognizing that this testimony does not support a finding that claimant failed to identify any job contacts during the week in issue, the board argues that pursuant to its power to determine the

credibility of witnesses, it was free to reject claimant's testimony regarding job contacts. The board, however, adopted the referee's findings and the referee did not reject claimant's testimony as incredible, but rather found that claimant had failed to identify job contacts, a finding not supported by the record. In our view, the board's belated attempt to change the basis for its determination is a tacit admission of error and must be rejected. We note that the record contains an application signed by claimant, which lists no job contact in the space provided and a summary of the initial interview which does not contain any specific job contacts. At the hearing, claimant explained in a confusing and inarticulate statement that there was a misunderstanding between himself and the interviewer, but the referee made no further inquiry to clarify the matter. Based upon this very sparse record, we conclude that the question remains as to whether claimant made a systematic and sustained effort to find work during the period in question but failed to adequately report this effort because of his inability to effectively communicate with the interviewer. Accordingly, the matter must be remitted for a further hearing at which the record can be adequately developed to provide a basis for a determination of this issue. Determination reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.